IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT B. LICHFIELD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>INTERNATIONAL SURVIVORS ACTION COMMITTEE, SHELBY EARNSHAW, and WILLIAM EARNSHAW,<br><br>　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CV-254 TC |

On March 23, 2005, Defendants Shelby and William Earnshaw removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  The Plaintiff has alleged three causes of action arising under state law.

On March 29, 2005, the court ordered the Defendants to show cause why the case should not be remanded for lack of subject matter jurisdiction because the amount in controversy requirement had not been alleged with any specificity.  On April 11, 2005, Defendants responded to the Order to Show Cause in the form of a letter with four affidavits attached.  On April 20, 2005, the Defendants supplemented their response with further documentation regarding events that occurred after the notice of removal was filed.  Plaintiff then filed a request for leave to file a Motion to Strike the Affidavit of Amberly Chirolla (one of the four affidavits attached to the Defendants response to the Order to Show Cause).

The court has fully considered the filings and the governing law.  For the reasons set forth

below, the court finds that the Defendants have not met their burden of establishing subject matter jurisdiction and so this case is remanded to the state court from which it was initially removed.

A district court may, at any time before final judgment, remand a case it if appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). To properly exercise subject matter jurisdiction over state law claims, there must be complete diversity and the amount in controversy must meet or exceed $75,000.00. 28 U.S.C. § 1332.

The party invoking the federal court's jurisdiction, in this case the Defendants, bears the burden of establishing, by a preponderance of the evidence, that the requirements for the exercise of diversity jurisdiction are present. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). Moreover, in the case of removal, there is a presumption against federal jurisdiction. Id. at 1289-90. Courts are to construe removal statutes narrowly and resolve uncertainties in favor of remand. Id.

Jurisdiction is determined at the time of the notice of removal. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc., 198 F. Supp. 2d 1280, 1283 (D. Kan. 2002) (citing Laughlin). Accordingly, the Defendants must meet their burden "in the notice of removal, not in some later pleading." Coca-Cola Bottling of Emporia, Inc., 198 F. Supp. 2d at 1283.

Here, the Plaintiff's Complaint does not claim any specific amount of damages. It provides no basis for the asserted amount in controversy. And Defendants' Notice of Removal states, without citing to any underlying facts in support, that the amount in controversy meets the $75,000 requirement. (See Notice of Removal at ¶ 1 (citing to Complaint).)

Defendants now rely on affidavits provided in response to the court's Order to Show Cause. Because the court must determine whether it has subject matter jurisdiction based on the complaint and notice of removal, it does not consider the materials submitted by the Defendants post-removal. However, even if the court were to consider the documentation supplied by the Defendants, it would still conclude that the Defendants have not met their burden. The affidavits, much of which are not relevant to the issue before the court, provide nothing more than conclusory statements about what dollar amounts might be at issue in the case. That is simply not enough to meet the burden, particularly in light of the presumption against federal jurisdiction and the requirement that uncertainties should be resolved in favor of remand. See Coca-Cola Bottling of Emporia, Inc., 198 F. Supp. 2d at 1282-83.

**ORDER**

For the foregoing reasons, the above-captioned matter is remanded to the Fifth District Court in and for Washington County, State of Utah. Plaintiff's motion for leave to file a motion to strike the affidavit of Amberly Chirolla (Docket No. 8) is denied as moot.

DATED this 21st day of June, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge